FILED

2016 DEC 23 PM 3:53

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIDDLE ...
ORLAND...

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WILD FLORIDA AIRBOATS, LLC, as the Owner of the M/V CYPRESS II and the M/V CYPRESS IV, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | CASE NO. 6:16-CV-2207-ORL-31-GJK |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

Plaintiff, WILD FLORIDA AIRBOATS, LLC ("Plaintiff"), as owner of the M/V CYPRESS II and the M/V CYPRESS IV, in an action for exoneration for or limitation of liability, civil and maritime states:

1. This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 and 46 U.S.C. §§ 182-189 et seq. and pursuant to Rule 9(h) and Supp. Rule F., Fed.R.Civ.P.

2. At all material times, Plaintiff was and is a corporation organized and existing pursuant to the laws of the State of Florida.

3. At all material times, Plaintiff was and is the registered owner of M/V CYPRESS II and the M/V CYPRESS IV ("Vessels").

4. At all material times, the Vessels were in all respects tight, strong, staunch and properly manned, equipped and supplied and were in all respects seaworthy and fit for the service in which she was engaged.

5.  The Vessels are located within this District, therefore, venue is proper pursuant to Supp. Rule. F.

6.  On June 25, 2016, the Vessels embarked on a voyage that began and ended in Kenansville, Florida.

7.  During said voyage the Vessels collided.

8.  As a result of the collisions, Kimberly Elrod, Brittany Brazel, Shawn Clark, Eleena Clark, Angela Corona, Cynthia Dahl, Johnny Medina and possibly others ("Claimants") were allegedly injured.

9.  However, to date, the only parties known to have potential claims are Kimberly Elrod, Brittany Brazel, Shawn Clark, Eleena Clark, Angela Corona, Cynthia Dahl, and Johnny Medina.

10. The casualty was not caused or contributed to by any fault, neglect or lack of care on part of Plaintiff or the Vessels, their owners, operators, officers, crew or others for whom Plaintiff was or is responsible.

11. Plaintiff denies that it, the Vessels or any person or property for whom they may be responsible are liable to any extent in the premises and in that regard Plaintiff claims exoneration from liability for all claims, damages and destruction done, occasioned or incurred by any reason of the matters aforesaid.

12. In the alternative, and without admitting liability, Plaintiff avers that in the event Plaintiff or the Vessels should be held responsible to any party by reason of the matters aforesaid, Plaintiff claims the benefit of the limitation of liability as provided for in 46 U.S.C. Appx. §§ 182-189 and all law supplementary thereto and amendatory thereof.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

13. All losses, damages, injuries and destruction resulting from the aforesaid casualty were done, occasioned and incurred without fault on the part of Plaintiff and without Plaintiff's privity or knowledge.

14. Further, Plaintiff pleads the contributory negligence and/or assumption of risk of Claimants, which negligence is pled as bar to and/or mitigation of any right to recover herein.

15. Plaintiff reasonably believes the Vessels had a fair market value of approximately $83,720.00 (M/V CYPRESS II ) and $78,200.00 (M/Y CYPRESS IV) immediately following the June 25, 2016 incident. See Exhibit A.

16. Contemporaneously hereto, Plaintiff has filed an Ad Interim Stipulation in the appropriate form with an approved corporate surety for payment into the Court registry of the amount of Plaintiff's interest in the Vessels, $161,920.00, and pending freight immediately after the voyage, within interest at the rate of six percent (6%) per annum, from the date of the Ad Interim Stipulation and for costs. Exhibit B.

17. This Verified Complaint has been filed within six (6) months of receipt of the first claim in writing.

18. All and singular, these premises are true and correct and within admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) and Supp. Rule F., Fed.R.Civ.P.

WHEREFORE, Plaintiff, WILD FLORIDA AIRBOATS, LLC, respectfully requests that the Court:

(a) enter an Order, attached hereto as Exhibit C, approving the Ad Interim Stipulation and the corporate surety filed by Plaintiff for payment into the Court of Plaintiff's interest in the

CASE NO.

Vessels immediately after the incident or such other amount which may be lawfully ordered by the Court, with interest as provided by law from the date of said stipulation;

(b) that on filing of the Ad Interim Stipulation, the Court enter Order, attached hereto as Exhibit C, directing issuance of a Notice, attached hereto as Exhibit D, to all persons, firms and corporations claiming damage for any and all losses, damages, destructions, deaths or injuries, resulting from the June 25, 2016 incident, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on counsel of record for Plaintiff on or before the date fixed by the Court in the notice or be forever barred or permanently enjoyed from making or filing any such claims to make due proof of their respective claims before this Court,

(c) that on filing of the Ad Interim Stipulation above described, the Court enter an Order, attached hereto as Exhibit C, staying prosecution of all suits and proceedings against Plaintiff to recover for damages allegedly arising out of or resulting from the June 25, 2016 incident and from this time forward restraining commencement of any suit, action or legal proceeding or any nature or description whatsoever against Plaintiff or the Vessels with respect to any claim arising out fo the incident or voyage described above;

(d) that the Court enter a judgment that Plaintiff and the Vessels are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever airings out of the June 25, 2016 incident and accordingly Plaintiff be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident or, in the alternative, if such liability is found to exist, that Plaintiff's liability be limited to the amount of the value of Plaintiff's interest in the Vessels and pending freight immediately after the June 25, 2016 incident and that the money or security paid be divided pro rata among such claimants as may duly prove their claims before this Court, saving to all parties any priorities that they may be

CASE NO.

legally entitled to, and that judgment and decree be entered discharging Plaintiff and the Vessels of and from all further liability and forever enjoin and prohibit filing and prosecution of any claims against Plaintiff or their property in consequence of or in connection with the matters and happening referred to in this Verified Complaint; and,

(e) that Plaintiff have any further relief the Court determines is equitable and just.

Dated: December 23, 2016

Respectfully submitted,

_____
James N. Hurley
Fla. Bar No. 354104
Email: jhurley@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

CASE NO.

## VERIFICATION

The undersigned, Daniel Munns, Owner of Wild Florida Airboats, LLC, swears: (1) that he is authorized to make this verification on behalf of Plaintiff; (2) that knowledge of the facts stated in this Verified Complaint is derived from review of documents generated by or in the possession of Wild Florida Airboats, LLC, and (3) confirm the facts alleged in this Verified Complaint are true and accurate to the best of his knowledge.

Dated this 21st day of December, 2016.

_____
Daniel Munns
Owner, Wild Florida Airboats, LLC

STATE OF FLORIDA        )
                        )
COUNTY OF Osceola       )

On December 21st 2016, before me, Rockelle Toro, a Notary Public, personally appeared Daniel Munns, personally known to me (or who proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

ROCKELLE TORO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF073824
Expires 12/2/2017

4849-8062-7516, v. 1