# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In the Matter of the Complaint of Wild Florida Airboats, LLC, as the Owner of the M/V Cypress II and the M/V Cypress IV, for Exoneration from or Limitation of Liability**

Case No: 6:16-cv-2207-Orl-31GJK

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR FINAL JUDGMENT (Doc. No. 26)
>
> **FILED:** July 7, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. FACTUAL BACKGROUND

The matter before the Court is an admiralty action. On December 23, 2016, Wild Florida Airboats, LLC (the "Plaintiff") filed a verified complaint seeking limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 *et seq*. (the "Complaint").[1] Doc. No. 1.

---

[1] The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 states:

  (a) In general. --Except as provided in section 30506 of this title, <u>the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight.</u> If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

  (b) <u>Claims subject to limitation. --Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are</u> those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, <u>any loss, damage, or injury by collision</u>, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

46 U.S.C. § 30505 (emphasis added).

The following facts are taken from the Complaint. Plaintiff is the registered owner of the M/V CYPRESS II and the M/V CYPRESS IV (the "Vessels"). *Id*. at 1. On June 25, 2016, the Vessels embarked on a voyage that began and ended in Kenansville, Florida. *Id*. at 2. During the voyage, the Vessels collided. *Id*. Plaintiff identified seven potential claimants who were allegedly injured in the boating accident but was unsure if other persons were injured. *Id*.

On February 6, 2017, United States District Judge Gregory A. Presnell issued an order requiring all persons claiming damages "for any and all losses, damages, injuries, deaths, or destruction" resulting from the boating accident to file their claims with the Clerk and serve an answer to the Complaint on Plaintiff's counsel by April 6, 2017. Doc. No. 5 at 2. Judge Presnell ordered that notice of the action be sent to the seven potential claimants. *Id.* at 3. Judge Presnell also ordered that notice be published in a newspaper of general circulation in Osceola and Orange County, once a week for four successive weeks prior to April 6, 2017. *Id*. On March 28 and 29, 2017, Plaintiff filed notices of compliance and affidavits stating it had done the same. Doc. Nos. 11, 12, 12-1, 12-2.

On April 7, 2017, Plaintiff filed a motion for entry of clerk's default, stating that the deadline for receipt of claims had passed, and no claims or answers had been received. Doc. No. 13. On May 8, 2017, the undersigned issued an order directing the Clerk to enter clerk's default. Doc. No. 14. On May 9, 2017, the Clerk entered clerk's default as follows:

> Default is entered against all persons claiming damages for any and all losses, damages, injuries, and destruction arising out of, occasioned or occurring from or on the voyages of the M/V CYPRESS II and the M/V CYPRESS IV on or about June 25, 2016, that began and ended near Kenansville, Florida, who have not heretofore filed and presented claims and answers in Orlando, Florida on the 9th day of May, 2017.

Doc. No. 15. On May 10, 2017, eight claimants alleging personal injuries from the boating accident (the "Claimants") filed a motion to vacate clerk's default. Doc. No. 17. Claimants state that they were previously engaged in settlement negotiations with Plaintiff before the Clerk entered clerk's default. *Id.* at 1-4. On June 22, 2017, Plaintiff and Claimants filed a stipulation requesting that the clerk's default be vacated and the case be dismissed with prejudice as to the Claimants. Doc. No. 24. On June 27, 2017, Judge Presnell issued an order granting the relief requested in the aforementioned stipulation. Doc. No. 25. On July 7, 2017, Plaintiff moved for an order for entry of default final judgment against all persons claiming losses, damages, injuries, deaths, or destruction resulting from the boating accident with the exception of the Claimants (the "Motion"). Doc. No. 26.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 55 sets out a two-step procedure for obtaining a default final judgment. Fed. R. Civ. P. 55. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk is authorized to enter a clerk's default. Fed. R. Civ. P 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed. R. Civ. P. 55(b). Courts within the district have applied the same two-step procedure in cases under the Limitation of Liability Act. *See In Re Petition of Holiday*, No. 6:14–cv–1709–Orl–28DAB (Doc. Nos. 15, 25) (granting clerk's default and then default judgment in an admiralty limitation of liability case).

Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this

> rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Fed. R. Civ. P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(5). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . <u>The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.</u>

Fed. R. Civ. P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(4) (emphasis added). Thus, in cases under the aforementioned rules, default judgment will be entered against any potential claimant who has failed to respond to notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims. *Id. See also In the Matter of Reef Innovations, Inc.,* No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Here, Plaintiff fulfilled its obligations to: 1) send notice to the seven identified potential claimants; and 2) publish the notice once a week for four consecutive weeks prior to the date fixed

for the filing of claims. Doc. Nos. 11, 12, 12-1, 12-2. The notice states that the deadline for filing a claim and answer was April 6, 2017, and that a consequence for failing to timely file a claim was default. Doc. Nos. 12-1, 12-2. The April 6, 2017 deadline has passed, and only the Claimants, who previously settled their claims with Plaintiff, intervened. No other parties have filed claims with the Clerk and served an answer on Plaintiff. Based on the foregoing, the undersigned finds the Motion to be well-taken.

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 26) and enter default final judgment as stated in Plaintiff's proposed order (Doc. No. 26-1).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 29, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy